IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:23-cr-005 |
| | ) |
| OCTAVIUS MYRON JOHNSON, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Octavius Johnson's pro se Renewed Motion for a Judgment of Acquittal, ECF No. 169. The government opposes this motion, ECF No. 183. For the following reasons, Johnson's Renewed Motion for a Judgment of Acquittal, ECF No. 169, is **DENIED**.

### I.

The superseding indictment charged Johnson with three counts: (1) distributing and possessing with intent to distribute 50 grams or more of a mixture of substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); (2) possessing with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Superseding Indictment, ECF No. 51. At the conclusion of the government's evidence and again at the conclusion of the defense's evidence, Johnson moved for judgment of acquittal; the court overruled both motions. Trial Day 2 Mins., ECF No. 153. The jury returned guilty verdicts as

to Counts One and Two and could not reach a unanimous verdict as to Count Three. Verdict, ECF No. 160.

## II.

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Once the jury has returned a guilty verdict, the defendant may renew his motion for acquittal within fourteen days of the guilty verdict or the discharge of the jury, whichever is later. Fed. R. Crim. P. 29(c)(1).

"There is only one ground for a motion for judgment of acquittal. This is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment or information." 2A Charles A. Wright, Federal Practice and Procedure: Criminal § 466 (4th ed. 2016) (internal citations omitted). "A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v.

Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's motion if the evidence presented at trial, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also United States v. Friske, 640 F.3d 1288, 1290–91 (11th Cir. 2011) ("In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the [g]overnment, drawing all reasonable inferences and credibility choices in the [g]overnment's favor.").

### III.

Johnson puts forth two arguments supporting his motion for judgment of acquittal. ECF No. 169. First, Johnson contends that the court improperly allowed the jury to see text messages from a confidential informant who was not available as a witness. Id. at 1–4. Second, Johnson argues that the government failed to prove that Johnson knew that the substance was methamphetamine. Id. at 4. The court finds both arguments unavailing and concludes that the government presented sufficient evidence to sustain a conviction on Counts One and Two.

#### A. Text Messages

At trial, the government was permitted to introduce a text conversation extracted from the cell phone of a confidential informant ("CI") who did not testify at trial. Gov. Ex. 56. The conversation was between the CI and a phone using the number (540)488-4887 saved under the contact name "Ta." The government elicited testimony that Johnson went by "Ta," a nickname derived from "Octavius." The government further connected Johnson to the (540)488-4887 phone number by introducing (1) a photo of a package label addressed to

Johnson that displayed this contact number and was found in the search of the home at 70 Southland Drive, Gov. Ex. 23, (2) Johnson's Avis rental car history, which associated this number with Johnson, Gov. Ex. 93A, and (3) location tracking data.[1] Special Agent Klay Davis with the Virginia State Police Bureau of Criminal Investigation, High Tech Crimes Division testified that he conducted the extraction of the conversation from the CI's phone. Later, Drug Enforcement Agency Special Agent Brian Snedeker testified that text messages from the (540)488-4887 number employed coded language related to drug distribution.

Johnson argues that the messages from the CI's phone were inadmissible hearsay that should not have been provided to the jury, for the first time contending that the messages from the CI should have been redacted. ECF No. 169, at 1–2. Construing Johnson's pro se filing liberally, Johnson appears to contend that if these messages had not been admitted, the government's evidence would have been insufficient to sustain a conviction. This is not so. The evidence returned from the search of Johnson's home—in which significant quantities of controlled substances were found, alongside items frequently used in drug distribution—was itself sufficient for the jury to return its guilty verdict.

As Johnson is pro se, the court believes it appropriate to address the substance of Johnson's argument about the admissibility of the text messages.

> Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A "statement" is an oral or written assertion, Fed. R. Evid. 801(a), and "the matter asserted" is "the fact being asserted by the declarant in uttering the

---

[1] Indeed, Johnson concedes that the government had, before introducing these text messages, "already provided and submitted enough evidence to the jury to try to determine a nexus between the defendant and the 540 phone number." ECF No. 169, at 3.

4

> statement," United States v. Lewis, 594 F.3d 1270, 1282 (10th Cir. 2010). In order to determine whether an out-of-court statement qualifies as inadmissible hearsay under this Rule, the district court must "identify [ ] the actual purpose for which a party is introducing" the statement at issue. United States v. Gonzales–Flores, 701 F.3d 112, 117 (4th Cir. 2012). A statement is not hearsay if it is offered for some purpose other than to prove the truth of the assertion contained within the statement. See United States v. Pratt, 239 F.3d 640, 644 (4th Cir. 2001).

United States v. Edelen, 561 F. App'x 226, 234 (4th Cir. 2014).

Both sides of the text conversation were properly admitted. Text messages from Johnson are opposing party admissions. See Fed. R. Evid. 801(d)(2) (noting that opposing party admissions are not hearsay). The court therefore instructed the jury that the messages from this number could be considered for the truth of the matters asserted therein <u>only if</u> the jury found that Johnson made the statements. The court further instructed the jury that if they did not conclude that Johnson sent these texts, they could not consider any part of the conversation and must disregard the exhibit in its entirety. Contrary to Johnson's assertions in his motion, the court did not limit the jury from observing and reading the messages sent to Johnson. Because the government offered the texts sent by the CI not for their truth, but as context for Johnson's statements, these statements are not hearsay and could be considered by the jury pursuant to the court's limiting instruction. Fed. R. Evid. 801(c)(2).

The court in United States v. Lewisbey confronted a similar situation and quickly dispatched with the hearsay argument:

> The hearsay objection is a nonstarter. The text messages Lewisbey sent are his own statements and as such are excluded from the definition of hearsay by Rule 801(d)(2)(A). The messages he received were admitted not for the truth of the matter asserted but instead to provide context for Lewisbey's own messages[.] See Fed. R. Evid. 801(c)(2); United States v.

5

> Robinzine, 80 F.3d 246, 252 (7th Cir. 1996) (Statements offered not to prove "the truth of the matter asserted" but for another legitimate purpose do "not even fit the definition of hearsay."). And Lewisbey admitted that the Facebook posts were his, so like his "sent" text messages, the posts qualify as nonhearsay admissions under Rule 801(d)(2).

843 F.3d 653, 658 (7th Cir. 2016); see also United States v. Edelen, 561 F. App'x 226, 234–35 (4th Cir. 2014) (holding that a text message sent to the defendant was not hearsay as it was not offered for its truth).

### B. Knowledge of Substance

The court instructed the jury that, to find Johnson guilty of possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, the government must prove beyond a reasonable doubt that the defendant knew that the substance he possessed was a controlled substance. The court further instructed the jury that, as a matter of law, methamphetamine is a controlled substance.

Johnson appears to argue that the government failed to carry this burden:

> The government also failed to prove to the courts and jurors that the defendant knew that the substance was methamphetamine. If a person doesn't know what something looks like, or doesn't know what a substance is, then how is one to know or determine what a substance is without a[n] expert chemist on hand?

ECF No. 169, at 4. Drawing all inferences in the government's favor, as the court must at this stage, the court disagrees. The government presented evidence that it recovered significant quantities of controlled substances from Johnson's house, in packaging consistent with drug distribution and near other items often used to distribute drugs, and testimony from forensic scientists who examined the substance. As described above, the government also introduced text messages from a number associated with Johnson and testimony suggesting that these

6

messages used coded language to discuss drug transactions. The jury is charged with the duty "to weigh the evidence[] and to draw reasonable inferences from basic facts to ultimate facts." United States v. Hopson, 754 F. App'x 153, 155 (4th Cir. 2018) (citing United States v. Robinson, 855 F.3d 265, 268 (4th Cir. 2017)). The government presented evidence from which the jury could infer that Johnson knew he possessed a controlled substance. See McFadden v. United States, 576 U.S. 186, 194 (2015) (holding that the knowledge requirement can be established by "evidence that a defendant knew that the substance with which he was dealing is some controlled substance . . . regardless of whether he knew the particular identity of the substance").

## IV.

For the foregoing reasons, Johnson's Renewed Motion for a Judgment of Acquittal, ECF No. 169, is **DENIED**.

It is **SO ORDERED**.

Entered: December 13, 2023

Michael F. Urbanski
Chief United States District Judge